Beers and another *against* Hawley and others.

*June 24.*

Though on a bill for foreclosure, the mortgage deed, and the securities therein described, are admitted, this will not dispense with the production of those securities, or accounting for their non-production, to enable the court to find the amount of the mortgage debt due at the time of the decree.

A new trial having been granted in this cause, (2 *Conn. Rep.* 467. 473.) the parties were heard again, before the superior court, in *Fairfield* county, *December* term, 1818.

The condition of *Hawley's* mortgage deed to *Minor* was as follows : " That whereas the said *Isaac Hawley* is justly indebted to said *Truman Minor*, by note, dated *February* 11th, 1808, for the sum of 528 dollars, payable one year from date ; one note, dated *April* 2nd, 1811, for the sum of 1250 dollars, payable the first day of *February*, next after date ; one note, dated *May* 27th, 1811, for the sum of 225 dollars, payable the first day of *November*, next after date ; one note, dated *May* 29th, 1811, for the sum of 300 dollars, payable in one year from date ; one note, dated *November* 27th, 1811, for the sum of 240 dollars, payable in sixty days from date ; and one other note, signed jointly and severally by said *Hawley* and said *Minor*, for the proper and sole debt of said *Hawley*, for the sum of six hundred dollars, payable to *Philo Booth*, on demand, with interest : Now, if said *Hawley* shall well and truly pay, or cause the said notes to be paid, with the interest thereof, by the first day of *April* next, then this deed to be null and void, otherwise, to be and remain in full force and virtue in law." *Minor* held these notes, at the time of the hearing, having never assigned them to the plaintiffs. They were not produced to the court, nor did the plaintiffs give any evidence respecting them ; notwithstanding which, the court found, that there was due from *Hawley* to *Minor*, on these notes, the sum of 4573 dollars, and 8 cents, and thereupon passed a decree of foreclosure in the plaintiffs' favour. *Wright*, one of the defendants, moved for a new trial, on several grounds ; one of which was, the insufficiency of the bill, and another, the passing of the decree, without the production of the notes.

*N. Smith* and *Hatch*, in support of the motion.

*Daggett* and *Sherman*, contra.

HOSMER, Ch J.    Upon the questions arising on the record, I shall suppress the expression of an opinion, until it can be given with legal effect.

In respect of the matter presented by the motion, the court adjudged incorrectly, by finding a certain sum to be due, without the production of the notes.    In this point *William Wright* has an interest ; for if the debt is paid, or diminished, thus far the estate is relieved of an incumbrance.    The best evidence the nature of the case admits of, is the notes ; and secondary evidence to prove their contents is incompetent, until a notice for the production of them has been duly served.— 2 *Term Rep.* 201. 2 *Day* 328.    The defendant, *Wright*, ought not to be exposed to the uncertainty of parol testimony, until, after proper efforts, it becomes apparent that the written evidence cannot be obtained.    The condition of the deed does not supersede the necessity for the production of the notes. They may be invalidated by interlinations, or indorsements on them may show that they have been paid.    When a defendant permits judgment to pass by default, he admits the cause of action ; but if the action is on note, or bill of exchange, it must be produced, on executing the writ of enquiry, that it may be seen whether any part of it has been paid.    *Bevis* v. *Lindsell,* 2 *Stra.* 1149.    *Anon.* 3 *Wils.* 155.    *Thelluson* v. *Fletcher, Doug.* 301.    *Green* v. *Hearne,* 3 *Term Rep.* 301.    The superior court, in relation to the sum due, adjudged without evidence ; and for this reason, I would advise a new trial.

PETERS, BRAINARD and BRISTOL, Js. were of the same opinion.

CHAPMAN, J., gave no opinion, having been of counsel in the cause.

New trial to be granted.